UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

IN THE MATTER OF TWO-J RANCH, INC.     CIVIL ACTION NO. 04-1891-A
and VIDALIA DOCK & STORAGE COMPANY,
AS OWNER AND BAREBOAT CHARTERER                  JUDGE DRELL
OF M/V CARLA J, PRAYING FOR EXONERATION
FROM OR LIMITATION OF LIABILITY

                                                      MAGISTRATE JUDGE KIRK
                   consolidated with

IN THE MATTER OF LUHR BROS., INC. AS     CIVIL ACTION NO. 04-2457-A
CHARTERER AND OWNER *PRO HAC VICE*
OF BARGE GD-941, PRAYING FOR
EXONERATION FROM OR LIMITATION OF
LIABILITY

# R U L I N G

Before the Court is the Motion to Lift Stay and to Remand filed by Carol E. King. (Document No. 36.) Supporting and opposing memoranda have been filed, and oral argument was held on February 8, 2006. For the reasons that follow, the Motion to Lift Stay and to Remand is DENIED.

## BACKGROUND

In light of the thorough and well-reasoned presentations of the parties, all of which are captured in brief and in the transcript of the oral argument, the Court will recite only the salient facts. Mr. James King, who died by drowning on November 7, 2001, was, at that time, employed by Vidalia Dock & Storage Company ("Vidalia"), and he was working aboard a vessel owned by Two-J

Ranch, Inc. ("Two-J Ranch") and operating under a bareboat charter to Vidalia. The vessel had in tow a barge owned *pro hac vice* by Luhr Bros., Inc. ("Luhr"). Mr. King's widow, Carol E. King, filed suit in the 7th Judicial District Court, Concordia Parish, Louisiana, against Vidalia under theories of negligence and unseaworthiness. (Document 1, Exhibit "A.")

In response to the suit and/or in anticipation of future claims, Two-J Ranch, Vidalia, and Luhr sought exoneration from, or limitation of, liability in this Court in two separate proceedings initiated under the Limitation of Liability Act ("Limitation Act"), 46 U.S.C.App. §§181, *et seq.* Those suits have been consolidated into the captioned matter. (Document No. 18.)

Following the procedure for a limitation action provided in Supplemental Admiralty and Maritime Claims Rule F, this Court, by Order signed September 23, 2004, approved security in the amount of $35,000 representing the value of the Vidalia/Two-J Ranch vessel and freight, restricted the time period for filing claims, and enjoined the filing or prosecution of suits against Vidalia or Two-J Ranch during the pendency of the limitation proceeding. (Document No. 8.) A similar Order was signed on December 9, 2004 approving security in the amount of $182,500 representing the value of the Luhr barge, restricting the time period for filing claims, and enjoining the filing or prosecution of suits against Luhr during the pendency of its limitation proceeding. (Document No. 8, record of Civil Action No. 04-2457-A.)

On November 12, 2004, Luhr filed a claim for indemnity and/or contribution plus costs and attorney's fees against Vidalia and Two-J Ranch. (Document No. 11.) Likewise, on March 29, 2005, Two-J Ranch and Vidalia filed a claim for indemnity and/or contribution plus costs and attorney's fees against Luhr. (Document No. 20.)

Subsequently, the Louisiana Workers' Compensation Corporation ("LWCC"), the worker's compensation insurer for Mr. King's employer, Vidalia, filed a claim against Two-J Ranch and Luhr for reimbursement of benefits in excess of $52,000 plus all future amounts paid to or on behalf of James King pursuant to the Longshore and Harbor Workers' Compensation Act. (Document No. 23.)

Two-J Ranch and Vidalia then filed a Third Party Complaint against Tower Rock Stone Company ("Tower Rock") contending Tower Rock actively caused the losses alleged by Mrs. King. (Document No. 45.)

Mrs. King now seeks to proceed with her state court litigation against Two-J Ranch, Vidalia, and Luhr. To that end, Mrs. King has submitted a Stipulation in Favor of Limitation Defendants (Document No. 37), which document she alleges is sufficient to allow this Court to lift its September 23, 2004 and December 9, 2004 stay orders. The Stipulation provides, in pertinent part:

> Carol E. King stipulates in favor of Vidalia, Two-J, and Luhr Bros as follows:

1. Vidalia, Two-J and Luhr Bros are entitled to, and have the right, to litigate all issues pertaining to limitation of liability in this court.

2. This court has full and exclusive jurisdiction of all limitation of liability issues and she will not seek in any other court, state or federal, any judgment on the defendants' rights to limitation of liability.

3. She consents to waive any claim of *res judicata* relative to the issue of limitation of liability against either defendant based on any judgment that the court in Concordia Parish renders.

4. She will not seek to enforce any judgment or recovery insofar as it may expose Vidalia and Two-J to liability in excess of $35,000.00 or Luhr Bros to liability in excess of $182,500.00, whether by her own enforcement of a judgment in her favor against Vidalia, Two-J or Luhr Bros or by enforcement of any judgment which would serve to expose Vidalia, Two-J or Luhr Bros above those amounts due to (*sic*) a claim for indemnity or contribution by any one of them against the other or by a third party, pending the adjudication of the complaint of limitation of liability.

5. If Vidalia, Two-J or Luhr Bros are (*sic*) assessed or held responsible for attorneys' fees and costs to a co-liable defendant seeking indemnification for such fees or costs, such claims shall have priority over her claims in the limitation proceedings.

6. The claim of LWCC, as intervenor, shall have preference and priority over her claims in the limitation proceedings.

(Document No. 37.)

## LAW AND ANALYSIS

The Limitation Act allows a shipowner lacking privity or knowledge and facing potential liability for a maritime accident to file an action in federal court limiting liability for damages arising from that accident to the "amount or value of the interest of such owner in such vessel, and her freight then pending." 46 U.S.C.App. § 183(a). The shipowner's right to limitation is tethered by the "saving to suitors" clause, which gives federal district courts exclusive jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction," while "saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1331(1). Courts have recognized the inherent tension between the Limitation Act and the saving to suitors clause, and have held that "[t]he court's primary concern is to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp., 964 F.2d 1571, 1575 (5th Cir. 1992).

As the Fifth Circuit Court of Appeals has explained:

> In mediating between the right of shipowners to limit their liability in federal court and the rights of claimants to sue in the forum of their choice, federal courts have developed two instances in which a district court must allow a state court action to proceed: (1) when the total amount of the claims does not exceed the shipowner's declared value of the vessel and its freight, and (2) when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court. (Emphasis in original.)

5

Odeco Oil and Gas Company, Drilling Division v. Bonnette, 74 F.3d 671, 674 (5th Cir. 1996) ("Odeco II").

In the instant case, there is no dispute that the requirements of the first scenario outlined above are not met, because the total amount of damages sought by Plaintiff for her husband's alleged wrongful death exceeds the declared value of both vessels. The issues, then, are (1) whether the proposed stipulations cover all potential claimants, and (2) whether the proposed stipulations adequately protect the shipowners' rights to limit liability.

The Fifth Circuit has made it clear that a "claimant" in this context includes a co-defendant vessel owner who is asserting a cross-claim for indemnification, costs, and attorney's fees. In re Complaint of Port Arthur Towing Co., 42 F.3d 312, 316-17 (5th Cir. 1995). If such a co-defendant vessel owner is not a party to the stipulations, the stipulations do not adequately protect the other vessel owner who is seeking to limit his liability. Id. In the instant case, Vidalia/Two-J Ranch and Luhr, "claimants" to the limitation fund, are not parties to the proposed stipulations. This, alone, is sufficient to render the proposed stipulations insufficient to warrant lifting of the stay order.

Additionally, LWCC, who has asserted a claim in intervention against Two-J Ranch and Luhr, has not signed the stipulations. Although Mrs. King argues her stipulation that any claim of LWCC "shall have preference and priority over her claims in the limitation proceedings," adequately protects the limitation fund, this

Court disagrees. Louisiana law gives a worker's compensation insurer an independent right to pursue its claims for reimbursement against an alleged tortfeasor. La. R.S. 23:1101. Thus, Mrs. King's stipulation that she will not seek to expose the shipowners to liability beyond the value of the vessels does not bind LWCC. Also, we are not able to say with assurance at this point that Mrs. King's stipulation allowing any claim of LWCC to take priority over her claims will necessarily yield the result she contemplates. As the proposed stipulation currently reads, LWCC could, theoretically, obtain and enforce a judgment against Two-J Ranch and/or Luhr that exceeds the limits of the available fund.

Similarly, Mrs. King's stipulation that any claims for attorney's fees and costs by one co-liable vessel owner defendant against the other "shall have priority over her claims in the limitation proceedings" imposes no burden upon either non-signatory shipowner to restrict its attorney's fees/costs recovery to the value of the other co-defendant's vessel.

Because the proposed stipulations do not adequately protect the vessel owners' rights to limitation, this Court is precluded from lifting the previous stay orders.

In reaching this conclusion, the Court has carefully considered Mrs. King's contention that requiring all the parties to sign the stipulations yields a "wooden" result tantamount simply to "count[ing] heads." (Document No. 43.) On the contrary, our analysis weighs the substantive rights of the parties under the

7

particular circumstances in this case, as the jurisprudence, including <u>Lewis v. Lewis & Clark Marine, Inc.</u>, 531 U.S. 438, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001), requires. Continuing the stay orders in the present matter is also supported by the weight of the post-<u>Lewis</u> cases in the Fifth Circuit, which have required all claimants to sign proposed similar stipulations. <u>See</u> <u>In re Complaint of Transocean Offshore (U.K.), Inc.</u>, 2001 WL 1490867 (E.D. La. Nov. 20, 2001); <u>In re Nguyen</u>, 2002 WL 31207454 (E.D. La. Oct. 1, 2002); <u>In re Complaint of Kirby Inland Marine, L.P.</u>, 237 F.Supp.2d 753 (S.D. Tx. 2002); <u>In re Complaint of Bisso Marine Company, Inc.</u>, 2003 WL 1193689 (E.D. La. March 12, 2003); and <u>In re Lynchburg Shipyard</u>, 2003 WL 21355468 (E.D. La. June 6, 2003).

We have also contemplated Mrs. King's interpretation of <u>In Re Self</u>, 172 F.Supp.2d 813 (W.D. La. 2001), which Plaintiff contends supports dissolution of the stay orders. However, the factual scenario in that case was markedly different from the present situation, not only because no worker's compensation intervention claim and/or attorney's fees claims were asserted, but also because the parties potentially seeking indemnification and/or contribution were not vessel owners subject to the protections of the Limitation Act.

CONCLUSION

For these reasons, the Motion to Lift Stay and to Remand (Document No. 36) is DENIED.

Although the stipulations proposed by Mrs. King do not justify lifting the stay orders currently in place, the Court is cognizant of the time-sensitive nature of the issues surrounding this litigation. To that end, the Court will require that the parties contact Magistrate Judge James D. Kirk on or before June 30, 2006 to schedule a conference for the ostensible purpose of formulating suitable stipulations executable by all parties as a precursor to further consideration for a lifting of the stay orders and remand of this case.

SIGNED on this <u>29th</u> day of March, 2006, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge