

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| IN THE MATTER OF TWO-J RANCH, INC. and VIDALIA DOCK & STORAGE COMPANY, AS OWNER AND BAREBOAT CHARTERER OF M/V CARLA J, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 04-1891-A (LEAD) <br><br> JUDGE DRELL <br><br> MAGISTRATE JUDGE KIRK |

*CONSOLIDATED WITH*

| | |
|---|---|
| IN THE MATTER OF LUHR BROS., INC. AS CHARTERER AND OWNER PRO HAC VICE OF BARGE GD-941, PRAYING FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION NO. 04-2457-A (MEMBER) <br><br> JUDGE DRELL <br><br> MAGISTRATE JUDGE KIRK |

### J U D G M E N T

Based on written reasons given this date, each of the three reports and recommendations (Docs. 137, 138, and 139) before the Court is adopted in part, with the following results:

(a) IT IS HEREBY ORDERED that the motion for summary judgment (Doc. 68) filed by Luhr Bros., Inc. is DENIED IN PART as to the general maritime negligence claim against Luhr but GRANTED IN PART as to the unseaworthiness claim against Luhr. Accordingly, IT IS HEREBY ORDERED that Carol E. King's unseaworthiness claim against barge GD941 is DISMISSED WITH PREJUDICE.

(b) IT IS FURTHER ORDERED that the motion for summary judgment (Doc. 103) filed by Tower Rock Stone Co. is DENIED IN PART as to the Rule 14(a) contribution claim, but the motion is GRANTED IN PART as to the Rule 14(c) tender and as to the Rule 14(a) indemnity claim. Accordingly, IT IS HEREBY ORDERED that both the claim by Carol E. King against Tower Rock Stone Co. raised in the Rule 14(c) tender, and the Rule 14(a) indemnity claim by Two-J Ranch, Inc.

and Vidalia Dock & Storage Company against Tower Rock Stone Co. are DISMISSED WITH PREJUDICE.

(c) IT IS FURTHER ORDERED that the motion for summary judgment (Doc. 106) filed by Two-J Ranch, Inc. and Vidalia Dock & Storage Company is DENIED IN PART on the issues of Jones Act seaman status and the unseaworthiness claim relating to the M/V Carla J. The motion is GRANTED IN PART on the issues of nonpecuniary damages and the unseaworthiness claim relating to VD&S's spud barge. Accordingly, IT IS HEREBY ORDERED that all nonpecuniary damages sought by Carol E. King, including loss of society and punitive damages, are DISALLOWED, and Carol E. King's unseaworthiness claim relating to the spud barge is DISMISSED WITH PREJUDICE.

(d) IT IS FURTHER ORDERED that the motion to dismiss cross-claims (Doc. 72) filed by Carol E. King is DENIED.

(e) IT IS FURTHER ORDERED that the motion to lift stay and to remand (Doc. 74) filed by Carol E. King is DENIED IN PART as to the contribution claims and GRANTED IN PART as to the indemnity and attorney's fees cross-claims. Accordingly, IT IS HEREBY ORDERED that the indemnity and attorney's fees cross-claims between Luhr Bros., Inc. on the one hand and Two-J Ranch, Inc. and Vidalia Dock & Storage Company on the other are DISMISSED WITH PREJUDICE.

Finally, IT IS ORDERED that all parties to these consolidated cases shall enter into mediation concerning all claims within forty-five (45) days of this judgment.

SIGNED on this 11th day of February, 2008 at Alexandria, Louisiana.

DEE D. DRELL
UNITED STATES DISTRICT JUDGE